UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20127-CMA

UNITED STATES OF AMERICA

v.

PABLO SILVERIO REBOLLIDO,

Defendant.
_____/

## FACTUAL PROFFER

The United States and Defendant Pablo Silverio Rebollido (hereinafter "Defendant") agree that at trial, the United States would have proved beyond a reasonable doubt the following facts which establish a violation of Title 18, United States Code, Section 1343 (wire fraud) which occurred in the Southern District of Florida and elsewhere.

E Card Merchant LLC and E Card Lending LLC (collectively "E Card") were merchant cash advance businesses in Miami that were owned and operated by Defendant. E Card purported to provide high interest loans to individuals and small business that could not otherwise obtain conventional loans. These loan amounts allegedly ranged from $50,000 to $250,000. From August 2019 to February 2024, Defendant ran E-Card with a small staff of approximately five employees. Throughout his ownership and control of E Card, Defendant and others solicited investments into the business by making material misrepresentations about the true nature of the business operations, the success of the businesses, and the potential return to investors. In fact, Defendant ran E Card as a Ponzi scheme, paying older investors with new investor money.

Throughout the scheme, Defendant, and those acting at his direction, made the following material misrepresentations, among others, to investors: (1) that investor money was used to fund

high interest loans to businesses; (2) that E Card had over 70 merchant clients; (3) that E Card made profits each time a consumer used a credit card at one of these merchant client's businesses; (4) that E Card's business was 100% safe; (5) that investors could get their money back at any time; and (6) that E Card generated a profit which would be used to pay out investors on a monthly basis. In addition, Defendant failed to disclose to investors that he was using new investor money to pay returns to earlier investors, i.e., that he was running a Ponzi scheme.

One example of Defendant's fraud involved victim O.C. O.C. has known Defendant since high school because they grew up together in the same town in Cuba. In or around November 2019, O.C. met with Defendant and others working with him at the E Card office located in Miami. Defendant and his associates told O.C. about their merchant cash advance business, stating that they had secured approximately seventy-seven merchants, and that their business made money every time someone swiped their credit card at one of these businesses. O.C. was assured that the business was 100% safe, and that investors could get their money back at any time. In or around January 2020, O.C. invested with E Card for the first time, wiring E Card $100,000. O.C. continued to invest approximately $445,000 in E Card via payments from 2020 to 2024, including an interstate wire transfer of approximately $70,000 to E Card on or about June 30, 2020. In addition to these personal investments, in or around November 2023, O.C. contributed $323,000 to a $1 million investment into E Card with two of his close friends. O.C. would not have invested with E Card if he knew that the business had no actual customers and operated as a Ponzi scheme.

In early 2024, Defendant voluntarily met with FBI agents and confessed that he had been operating a Ponzi scheme through E Card for the past approximately four years. Defendant stated that he never actually had any cash advance customers, and that the monthly payments made to the investors were all Ponzi style payments from new investor funds. He estimated that there were

one hundred victims who had lost approximately $50 million dollars because of this scheme. To date, law enforcement has identified approximately 70 victims of Defendant's scheme and has determined through financial records that the victims deposited approximately $40 million dollars into accounts controlled by Defendant. Therefore, as a result of his fraudulent scheme, Defendant defrauded victims of at least $25 million but not more than $65 million.

The parties agree that the facts above, which are not all the facts in this case, prove Defendant's guilt as to the charge of wire fraud beyond a reasonable doubt.

Defendant further agrees that he obtained approximately $35,789,792.47 as result of the offense to which he is pleading guilty, which was deposited into various bank accounts under his control. Defendant also agrees that he would not have the approximately $35,789,792.47 but for his participation in the offense to which he is pleading guilty. Finally, Defendant also agrees that the assets listed below represent proceeds of the fraud scheme described and/or property traceable thereto:

    a.    real property located at 11 Sombrero Boulevard, Unit #10E, Marathon, Florida 33050;

    b.    11 Sombrero Boulevard, Unit #11E, Marathon, Florida 33050;

    c.    A 2011 24-foot Cruiser Yacht 540 Sports Couple registered to Acres 129, LLC, Hull Number: CRSXEA05H011 seized on or about July 15, 2024;

    d.    Approximately $100,033.49 seized from account number 305980113 at All In Credit Union in the name of Pablo Silverio Rebollido on or about July 2, 2024;

    e.    Approximately $10,843.93 seized from account number 305980668 at All In Credit Union in the name of Pablo Silverio Rebollido on or about July 2, 2024; and

    f.    Approximately $48,572.99 seized from brokerage account number U19777947 at

3

Interactive Brokers, LLC in the name of Pablo Silverio Rebollido on or about July 24, 2024.

MICHAEL S. DAVIS
ACTING UNITED STATES ATTORNEY

Date: 3/18/25   By: _____
ROBERT F. MOORE
ASSISTANT UNITED STATES ATTORNEY

Date: 3/17/25   By: _____
PHILLIP HOROWITZ, ESQ.
ATTORNEY FOR THE DEFENDANT

Date: 3/17/25   By: _____
PABLO SILVERIO REBOLLIDO
DEFENDANT

4